669 So.2d 7 (1996)
STATE of Louisiana
v.
Gregory PERRILLOUX.
No. 95-KA-677.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 1996.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, for Appellant Gregory Perrilloux.
John M. Mamoulides, District Attorney, Leigh Anne Wall, Assistant District Attorney, 24th Judicial District, Parish of Jefferson, Gretna, for Appellee State of Louisiana.
Before GOTHARD and CANNELLA, JJ., and REMY CHIASSON, J. Pro Tem.
CANNELLA, Judge.
Defendant, Gregory Perrilloux, appeals from his conviction of simple burglary. We affirm.
On April 3, 1995, Officer Vincent Bosco (Bosco) went to Performance Marine in Metairie to investigate a silent burglar alarm which had been activated. When he arrived he observed that a section of metal sheeting had been pried away from the side of the building and that an overhead door was "half *8 way rolled up." When Bosco exited his car, he spotted defendant run out of the building from the overhead doorway. He pursued defendant on foot and eventually apprehended him. Bosco then searched defendant and confiscated a flathead screwdriver from defendant's pants pocket.
Subsequently, David Viverito, the owner of Performance Marine, arrived on the scene. He inspected the premises and noticed that a customer's outboard motor that was in the shop for repairs was missing. The following day, the motor was found leaning against a wooden fence in a nearby apartment complex.
Trial before a six person jury was held on June 20, 1995. The unanimous jury verdict of guilty, as charged, of simple burglary, a violation of La.R.S. 14:62, was rendered on June 20, 1995. Defendant was sentenced on June 30, 1995 to eight years at hard labor, with credit for time served, to run concurrent with the sentence in case # 95-2261.
On appeal, defendant asserts that the trial judge erred in denying his challenge for cause of a prospective juror who was employed as an Assistant District Attorney in Orleans Parish.
Defendant asserts that the trial judge erred in denying his challenge for cause of David Weilbacher (Weilbacher), who was employed as an Assistant District Attorney for Orleans Parish, because he was forced to use one of his peremptory challenges to excuse Weilbacher, and he used all of his challenges before the jury was selected.
In State v. Robertson, 92-2660 (La. 1/14/94), 630 So.2d 1278, 1280-1281, the Louisiana Supreme court stated:
In 1983, Article 800 was amended and currently provides in pertinent part:
A defendant may not assign as error a ruling refusing to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefore shall be stated at the time of objection.
Whereas before 1983, a defendant who had been erroneously denied a valid challenge for cause could not even complain about the error on appeal unless he had exercised all his peremptory challenges, under the new version of Article 800, a defendant is now permitted to complain of a ruling refusing to sustain his challenge for cause even if he had not thereafter exercised all of his peremptory challenges. State v. Vanderpool, 493 So.2d 574, 575 (La.1986). See also State v. Copeland, 530 So.2d 526, 535 (La.1988). In such a case, the defendant must be able to show some prejudice in order to overcome the requirement of La.C.Cr.P. art. 921 that "[a] judgment or ruling shall not be reversed by an appellate court because of any error... which does not affect substantial rights of the accused."
The 1983 amendment to Article 800 does not change the law, however, as regards a defendant who has exhausted all of his peremptory challenges. "Prejudice is presumed when a challenge for cause is erroneously denied and all of defendant's peremptory challenges are exhausted. A trial court's erroneous ruling which deprives a defendant of a peremptory challenge substantially violates that defendant's rights." State v. Ross, 623 So.2d 643, 644 (La.1993) (citing [State v.] McIntyre [365 So.2d 1348 (La.1978)]) (citations omitted) (emphasis added). See also State v. Bourque, 622 So.2d 198, 225 (La.1993); State v. Lee, 559 So.2d 1310, 1317 (La.1990); State v. Comeaux, 514 So.2d 84, 93 (La.1987); and State v. Brown, 496 So.2d 261, 263-66 (La. 1986). To prove there has been reversible error warranting reversal of the conviction, defendant need only show (1) the erroneous denial of a challenge for cause, and (2) the use of all his peremptory challenges. Ross, 623 So.2d at 644; Bourque, 622 So.2d at 225; McIntyre, 365 So.2d at 1351.
Although both defendant and the state cite the minute entry for the trial and argue that defendant exhausted all six of his peremptory challenges, our review of the minute entry shows that when the six regular jurors had been selected, defendant had only used five peremptory challenges. His "sixth" challenge was used in the selection of the alternate juror. La.C.Cr.P. art. 789 provides in part that:
...The regular peremptory challenges allowed by law shall not be used against *9 the alternate jurors. The court shall determine how many additional peremptory challenges shall be allowed, and each defendant shall have an equal number of such challenges. The state shall have as many peremptory challenges as the defense. The additional peremptory challenges may be used only against alternate jurors....
In this case, we do not have the entire transcript of the jury selection, except for the part containing the questioning of Weilbacher. Thus, on the record before us, it appears that defendant still had one peremptory challenge left when the sixth juror was accepted. Under these circumstances, defendant must show that he was prejudiced by the ruling denying the challenge for cause of Weilbacher. In that respect, the record shows that Weilbacher, the potentially prejudiced juror, was removed. Furthermore, defendant has neither argued, nor proved that he was forced to accept a questionable juror because he had exhausted his peremptory challenges. Since defendant has failed to show prejudice, as required by State v. Robertson, the trial judge did not err in denying defendant's peremptory challenge and we affirm the conviction.
We have also examined the record pursuant to La.C.Cr.P. art. 920 and do not find any patent errors.
Accordingly, the conviction of defendant is hereby affirmed.
AFFIRMED.