DUFRESNE, Judge.

STATEMENT OF THE CASE

On March 27, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant Willie H. Tucker with theft of goods valued at $100.00 to $500.00 in violation of LSA-R.S. 14:67.10. At the April 4, 1997 arraignment, defendant entered a plea of not guilty.
Defendant went to trial before a six-person jury on June 11, 1997. That same day, the jury unanimously found defendant guilty as charged. On June 27, 1997, the trial court sentenced the defendant to serve two years *1099 imprisonment at hard labor. On the same day, counsel orally notified the court of defendant’s intent to appeal, and filed a written motion to appeal.
On appeal the defendant urges that he was sentenced to an excessive sentence. The defendant did not lodge a specific objection to his sentence nor did he file a written motion to reconsider his sentence as required by LSA-C.Cr.P. art. 881.1. However, we reviewed his sentence |2for excessiveness in “an abundance of caution”.
Here, it does not appear that defendant’s sentence is constitutionally excessive. First, while defendant received the maximum imprisonment allowed by LSA-R.S. 14:67.10(B)(2), he did not receive the maximum sentence allowed by this statute. The judge could have imposed a fine of not more than two thousand dollars in addition to two years imprisonment.
Second, prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982). Here, as the state points out in its brief, the record reflects that defendant had a prior burglary conviction. Out of the presence of the jury, defense counsel put a proffer on the record that defendant would not testify because he ha,d a prior conviction for burglary. Additionally, the record indicates that Deputy Stravinsky’s report of the incident stated that he recognized defendant and Landry as the same suspects who had attempted to steal merchandise on the previous day, March 3, 1997. The trial court granted defendant’s motion in limine to preclude any reference to this portion of the report. But, the trial court could consider this in sentencing defendant because as noted above, a defendant’s criminal history is not limited to convictions alone. State v. Washington, supra.
We have further reviewed the record for errors patent. The record reflects that the trial court advised defendant that he had “three years from today’s date in which to seek any post-conviction relief.” The language is not accurate because LSA-C.Cr.P. art. 930.8 [provides that “[n]o |3application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final.]” LSA-C.Cr.P. art. 930.8(A) and (C). (Emphasis added).
Accordingly, we remand the case to the district court and order it to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court’s opinion and to file written proof that defendant received the notice in the record. State v. Kershaw, 94-141, p. 4 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289, 1291.

CONVICTION AND SENTENCE AFFIRMED, REMANDED.