729 So.2d 14 (1999)
STATE of Louisiana
v.
Ormel WILLIAMS.
No. 98-KA-651.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
*16 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, Louisiana, Attorneys for Appellee.
Margaret S. Sollars, Thibodaux, Louisiana, Attorney for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant Ormel Williams appeals his conviction and sentence for attempted simple burglary. We affirm.
Defendant was charged with one count of simple burglary, in violation of LSA-R.S. 14:62(C). Following a plea of not guilty, trial was conducted. A jury of six persons unanimously *17 found the defendant guilty of the responsive verdict of attempted simple burglary. According to the minute entry for January 7, 1998, the trial court denied defendant's motion for post-judgment verdict of acquittal. On the same day, the state filed a multiple offender bill of information, alleging the defendant to be a fourth felony offender, in violation of LSA-R.S. 15:529.1. The minute entry also reflects that the defendant waived a reading of the multiple offender bill, and entered a plea of not guilty to the allegations therein.
After a multiple offender hearing, the trial court adjudicated the defendant to be a fourth offender and imposed a sentence of twenty years, with credit for time served. From this conviction and sentence defendant appeals.
The victim, Richard Millet, testified that on the evening of August 18, 1996, he returned from a trip and parked his car under the carport at his home in LaPlace. He unloaded some of his luggage, and then he went inside. Mr. Millet testified that he heard a noise outside of the house, and went to investigate. He saw that the driver's side door of his car was open, and suspected that someone had been on the carport or inside of the car. At first he did not notice anything else unusual, but while he was looking around in his front yard, he saw the defendant approaching holding his (Mr. Millet's) checkbook. Mr. Millet testified that his checkbook had been in the glove compartment of his vehicle when he had arrived home. The victim further testified that he had known the defendant for several years, but could not recall his name, but the defendant identified himself. Mr. Millet testified that the defendant left after returning the checkbook to him.
After noticing that one of his checks was missing, Mr. Millet reported the incident to the police. Deputy Callun Malbrough, the dispatcher for the St. John the Baptist Sheriff's Office, testified that at approximately 9:30-9:35 p.m., Mr. Millet reported that the defendant had broken into his vehicle.
Lieutenant C.J. Destor of the St. John the Baptist Sheriff's Office testified that he and Detective Andy Breaux prepared a six-person photographic line-up to show to Mr. Millet. Detective Breaux stated that he showed the line-up to Mr. Millet on August 20 or 21, 1996, and Mr. Millet positively identified the defendant. Mr. Millet likewise testified that he positively identified the defendant in the line-up. He also identified the defendant at trial.
After the testimony of these witnesses, the state rested its case. The defense did not present any witnesses.

ASSIGNMENT OF ERROR NO. 1
Defendant avers that the trial court erred by not granting his challenge for cause of jurors Janet McCoy and Ronald Delaneauville whose close ties with law enforcement officials prevented them from being fair and impartial jurors. It is argued that Ms. McCoy could not be fair and impartial because Ms. McCoy worked for the Weights and Standards Police and also because her husband was a retired state trooper, then employed by the Jefferson Parish Sheriff's Office. Defendant states that Mr. Delaneuville could not be fair and impartial because he stated that he was friends with the prosecutor and with many other people in the District Attorney's Office, including the District Attorney.
The record reflects that the defendant only used four of his six peremptory challenges before the jury was empaneled. Nevertheless, Williams asserts that La.Code Crim. Pro. art. 800 was amended to delete the requirement that a defendant exhaust all of his peremptory challenges before complaining of a ruling involving a challenge for cause.
In its most recent cases, the Louisiana Supreme Court has not considered whether or not the trial judge's denial of cause challenges was error when the defendant did not exhaust all peremptory challenges. In State v. Koon, 96-1208, p. 17 (La.5/20/97), 704 So.2d 756, 767, the Court stated:
... we need not reach the issue of whether failure to dismiss Ms. Meyers for cause was error because the defense did not use all its peremptory challenges. As we stated in State v. Mitchell, in order to prove error warranting reversal of a conviction *18 and sentence, the defendant must show (1) the erroneous denial of a challenge for cause and (2) the use of all peremptory challenges ... Because the defense failed to use all its peremptory challenges, this assignment of error lacks merit.
(Citations omitted).
See also State v. Mitchell, 94-2078 (La.5/21/96), 674 So.2d 250, 254. Following this jurisprudence we do not reach the issue of whether the trial judge erroneously denied defendant's challenges for cause.[1] Accordingly, this assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, the defendant urges that the trial court erred by not granting his Motion for Post-Verdict Judgment of Acquittal as the verdict was contrary to the law and evidence presented at trial. Defendant contends that the evidence at trial was legally insufficient to prove that he had the specific intent to commit a theft, an essential element of the crime of attempted simple burglary, arguing that the state failed to negate every reasonable hypothesis of innocence as required by LSA-R.S. 15:438.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Davis, 540 So.2d 600 ([La.App.] 5th Cir.1989). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. DiLosa, 529 So.2d 14 ([La.App.] 5th Cir. 1988), writ denied, 538 So.2d 1010 (La. 1989). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985), dissenting opinion, 475 So.2d 314 (La.1985).
State v. Ruffin, 96-226 (La.App. 5th Cir. 8/28/96), 680 So.2d 85, citing State v. Burrow, 565 So.2d 972 (La.App. 5th Cir.1990), writ denied, 572 So.2d 60 (La.1991).
In the present case the defendant was convicted of attempted simple burglary. Simple burglary is defined in LSA-R.S. 14:62 as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60". An attempt to commit a crime is defined in LSA-R.S. 14:27 as follows:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specific intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1). Specific intent need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126, 1127 (La. 1982); State v. Andrews, 95-129 (La.App. 5th Cir. 11/15/95), 665 So.2d 454, 456. The determination of whether the requisite intent is present in a criminal case is for the trier of *19 fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741, 751 (La.1982).
This Court stated in State v. Bonck, 613 So.2d 1125, 1130, writ denied, 620 So.2d 840 (La.1993), "in order to be found guilty of attempted simple burglary, a person must have had the specific intent to enter a structure without authorization, with the specific intent to commit a felony of theft therein." In the present case the state established the requisite elements of attempted simple burglary through the testimony of the victim, Mr. Millet, summarized hereinabove.
Circumstantial evidence can be used to prove attempted unauthorized entry. State v. Harper, 480 So.2d 483, 486 (La.App. 5th Cir.1985).
In finding the defendant guilty of attempted simple burglary, the jury obviously believed Mr. Millet's testimony and inferred from the circumstances that the defendant had attempted an unauthorized entry into the victim's vehicle with the intent to commit a theft therein. It is not the function of the reviewing court to assess the credibility of witnesses or to re-weigh the evidence. State v. Bordenave, 95-2328, p. 2 (La.4/26/96), 678 So.2d 19, 20; State v. Batiste, 96-1010 (La. App. 5th Cir. 1/27/98), 708 So.2d 764.
We find that the evidence in this case, when considered in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant committed attempted simple burglary. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the state did not provide sufficient evidence to prove that he was the same person who was convicted of the three predicate felonies alleged in the habitual offender bill of information.
To prove that a defendant is a multiple offender, the state must establish by competent evidence, that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Raymond, 97-81, (La.App. 5th Cir. 5/28/97), 695 So.2d 1039, 1044. Where the prior conviction was obtained pursuant to a plea of guilty, the state must meet the burden of proof outlined by the Louisiana Supreme Court in State v. Shelton, 621 So.2d 769 (La.1993). This Court summarized that scheme in State v. Conrad, 94-232, pp. 3-4 (La.App. 5th Cir. 11/16/94), 646 So.2d 1062, 1064, writ denied, 94-3076 (La.4/7/95), 652 So.2d 1345 as follows:
If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a "perfect" transcript of the Boykin[2] colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary.
In the present case, the state filed a multiple offender bill of information alleging that the defendant had three prior convictions. The state alleged that defendant had thrice before pled guilty: (1) on September 13, 1989 to simple burglary, a violation of LSA-R.S. *20 14:62, in case number 89-143(2) on September 7, 1993 to simple burglary in case number 92-2 and (3) on November 14, 1994 to attempted simple burglary in case number 94-227, all in St. John the Baptist Parish. The defendant denied these allegations.
At the multiple offender hearing, the state presented the testimony of Sgt. Harry Troxlair in an attempt to establish the defendant's identity with fingerprint exhibits. Sgt. Troxlair, an expert in the field of fingerprint and palm print analysis, identified three exhibits consisting of fingerprint cards and palm print cards of "Ormel Williams." Although the exhibits were apparently mislabeled, the witness testified that he had compared the thumb prints for all three of the different cases and concluded that they matched. Although Sgt. Troxlair's testimony established that the fingerprints on the exhibits matched each other, his testimony alone did not establish the element of the defendant's identity because the record reflects that Sgt. Troxlair did not fingerprint the defendant and thus could not link the defendant to the fingerprints on the exhibits. Moreover, Sgt. Troxlair only had fingerprint cards for two of the three predicate convictions. (One of the exhibits containing fingerprints belonging to the defendant was associated with the present offense.) However, we conclude that the state established the identity element with other evidence.
The defendant's identity may be shown by a variety of methods, including the testimony of witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record. State v. Curtis, 338 So.2d 662, 664 (La.1976); State v. Neville, 96-0137 (La.App. 4th Cir. 5/21/97), 695 So.2d 534; State v. Keys 29,369 (La.App. 2nd Cir. 5/7/97), 694 So.2d 1107.
Michael Arabie, a probation and parole officer with the Department of Corrections testified at the hearing, without objection, that he had supervised the defendant when the defendant was released on parole in connection with case numbers 89-143, 92-2, and 94-227, the three predicate offenses. Mr. Arabie identified the defendant at the hearing as the same person whose parole he had supervised in connection with the above case numbers. We find that Mr. Arabie's testimony, along with the other documentation, was evidence sufficient to establish the defendant's identity with the predicate offenses. See State v. Bailey, 97-302 (La.App. 5th Cir. 4/28/98), 713 So.2d 588, 611, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971.
In addition, at the hearing the state introduced, without objection, the clerk's record for the predicate offenses. The records for case numbers 92-002 and 89-143 include not only minute entries indicating that the defendant entered a guilty plea and was represented by counsel, but also include "perfect" Boykin transcripts indicating that the defendant was advised of his Boykin rights and that he waived those rights. For the third predicate offense, the record of 94-227 contains a minute entry indicating that the defendant was represented by counsel and that he was advised of his Boykin rights when he pled guilty to attempted simple burglary on November 14, 1994. That record also contains a "Waiver of Constitutional Rights" form signed by the defendant. Defendant did not object to the clerk's records when the state introduced them as exhibits at the hearing. Importantly, defendant introduced no evidence at any time that "affirmatively proved an infringement existed on his rights or a procedural irregularity occurred in the taking of the plea itself." Under the jurisprudence, the state was not required to introduce a "perfect" Boykin transcript in connection with this predicate offense. State v. Shelton, supra; State v. Scamardo, 97-197, (La.App. 5th Cir. 2/11/98), 708 So.2d 1126, 1132, writ denied, 98-0672 (La.7/2/98), 724 So.2d 204.

ASSIGNMENT OF ERROR NO. 4
The defendant contends that his twenty-year sentence as a fourth felony offender is excessive because he did not have a history of violent crimes.[3]
*21 A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Daigle, 96-782 (La.App. 5th Cir. 1/28/97),688 So.2d 158; State v. Lobato, 603 So.2d 739 (La.1992). In reviewing a sentence for excessiveness, the court of appeal must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Jackson, 597 So.2d 1188 (La.App. 5th Cir.1992). A sentence may be reviewed for excessiveness even though it is within statutory range. State v. Cann, 471 So.2d 701, 703 (La.1985); State v. Daigle, supra.
Following his conviction of attempted simple burglary, defendant was adjudicated a fourth felony offender. As a fourth felony offender, defendant faced the following penalty as provided by LSA-R.S. 15:529.1(A)(1)(c):
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
(ii) If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Under the facts of the present case, paragraph (c)i applies. The defendant was originally convicted of attempted simple burglary, which, according to LSA-R.S. 14:27(D)(3) and 14:62, is punishable by a maximum of six years imprisonment. However, based on the sentencing provisions in paragraph (c)i, the defendant faced a sentencing exposure of a minimum of twenty years to life imprisonment.
The trial court sentenced the defendant to the minimum term of twenty years imprisonment with the following reasons:
THE COURT:
* * *
Mr. Williams [defendant], please stand. Mr. Williams, as a four time felony offender -
And the Court will note I agree with Miss Baloney [defense counsel], there is no, there's nothing in the report, nothing I have before me that shows any violence. However, I feel bound by the statute, under the habitual offender law, and I will follow it. It's my duty to follow the law and that's what I'm going to do.
Mr. Williams, this Court sentences you to the minimum I can possibly give you, and that's twenty years, twenty years without benefit. You are to receive credit for time served so far.
We do not find that the sentence herein was constitutionally excessive. We note that in the present case, the trial judge could have imposed a life sentence. The sentence the judge imposed was not only within the statutory limits but was the minimum sentence that could have been imposed *22 under the circumstances. Further, prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982); State v. Tucker, 97-877 (La.App. 5th Cir. 1/27/98), 708 So.2d 1098. Here, the record reflects that defendant had an extensive criminal history. The Pre-sentence Investigation Report (PSI) reflects that defendant was 34 years-old at the time of sentencing. According to the PSI, defendant has been "living a life of crime since 1989," with many arrests and several convictions, including several simple burglary and attempted simple burglary convictions. His parole has been revoked at least twice for committing subsequent felonies. As of April 13, 1998, the date of the PSI, the defendant had three other charges pending in St. John the Baptist Parish.
It is well settled that a sentence should not be set aside absent manifest abuse of discretion. State v. Frank, 94-923, p. 4 (La.App. 5th Cir. 3/1/95), 652 So.2d 121, 123. We find no abuse of discretion here.
We have reviewed the record for errors patent according to La.Code.Crim.Pro. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). The record reflects that the trial judge failed to accurately advise the defendant of the prescriptive period for post conviction relief as required by LSA-C.Cr.P. art. 930.8(C). While the trial judge told the defendant at sentencing that he had a "three year prescriptive period for post conviction relief", according to the above article, the prescriptive period commences when the "judgement of conviction and sentence has become final", and defendant must be so informed. Accordingly, the trial judge is instructed to inform the defendant of the correct provisions of this article by sending appropriate written notice to him within ten days of this Court's opinion and to file written proof in the record that the defendant received such notice. State v. Bates, 96-9 (La.App. 5th Cir. 4/16/96), 673 So.2d 1085; State v. McCorkle, 97-966 (La.App. 5th Cir. 2/25/98), 708 So.2d 1212.
LSA-C.Cr.P. art. 879 requires the court to impose a determinate sentence when the defendant is sentenced to imprisonment. La.R.S. 15:529.1(G) provides that any "sentence imposed under the provisions of this Section shall be without benefit of probation or suspension of sentence." We note that the sentencing transcript in this case shows the trial judge failed to so stipulate, stating only that defendant was sentenced to twenty years "without benefit".
In State v. Washington, 563 So.2d 530, 533 (La.App. 5th Cir.1990), we noted that the defendant's enhanced sentence was not specifically imposed without benefit of probation or suspension of sentence as required by La.R.S. 15:529.1 G. However, since the trial court did not, in fact, suspend any portion of the sentence or impose any probationary period, we found substantial compliance with the sentencing directives in the multiple offender guidelines. Also State v. Lassere, 95-1009, p. 19 (La.App. 5th Cir. 10/1/96), 683 So.2d 812, 822, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. Similarly here, because the trial court did not affirmatively suspend any portion of the sentence or grant any probationary period, we find substantial compliance with the sentencing directives of the multiple offender statute.
For the foregoing reasons, the conviction and sentence are affirmed. The case is remanded to the trial court for the trial judge to inform the defendant of the delays for filing post-conviction relief pursuant to La. C.Cr.P. art. 930.8.
AFFIRMED AND REMANDED.
NOTES
[1] Moreover, defendant has not shown prejudice since neither Ms. McCoy nor Mr. Delaneuville served on the jury because the defendant exercised peremptory challenges to remove them from the jury. The defendant has also not shown prejudice since he has neither argued nor proven that he was forced to accept a questionable juror because he had exhausted his peremptory challenges. See State v. Perrilloux, 95-677 (La.App. 5th Cir. 1/30/96), 669 So.2d 7.
[2] In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court set forth three federal constitutional rights that are waived by a guilty plea: (1) the privilege against self-incrimination; (2) the right to a trial by jury; and (3) the right to confront one's accusers.
[3] The record reflects that while defense counsel noted an objection to the sentence imposed, she did not orally move for reconsideration of sentence, nor did counsel file a motion for reconsideration as required by LSA-C.Cr.P. art 881.1. However, this Court has recently held that while failure to file a motion for reconsideration precludes defendant from raising specific grounds on appeal, such failure does not necessarily preclude a challenge to the constitutionality of the sentence. Rather, a defendant's claim that a sentence is constitutionally excessive will be addressed, in an abundance of caution. State v. McCorkle, 97-966 (La.App. 5th Cir. 2/25/98), 708 So.2d 1212, 1218; See also State v. Jackson, 96-661, (La.App. 5th Cir. 4/9/97), 694 So.2d 440, 450, writ denied, 97-1255 (La.10/13/97), 703 So.2d 612 and State v. Mims, 619 So.2d 1059, 1060 (La.1993). Accordingly, the defendant's claim of constitutional excessiveness is addressed here.