751 So.2d 1017 (2000)
STATE of Louisiana
v.
Dennis R. ULMER (aka Danny Taylor).
No. 99-KA-1079.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
*1018 Carey J. Ellis, III, Rayville, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Jim Scott, Assistant District Attorneys, 24th Judicial District, Parish of Jefferson, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
DALEY, Judge.
Defendant, Dennis Ulmer (a/k/a Danny Taylor), appeals his sentence in his conviction for theft, a violation of LSA-R.S. 14:67.10. On appeal, Ulmer argues that his sentence was constitutionally excessive, and that the trial judge failed to articulate the reasons for the sentence. He also assigns as an error patent the trial court's failure to advise him of the time limits for applying for post conviction relief. Defendant filed a Supplemental Brief with an additional Assignment of Error, that the trial court erred in not granting a mistrial after the prosecutor elicited other crimes testimony. After thorough review of the record, we affirm, and remand for the trial court to give defendant notice of the time limits for applying for post conviction relief.
Defendant was convicted of middle grade theft between $100.00 and $500.00. The record shows that on January 18, 1999, at approximately 6:45 p.m., the defendant loaded a shopping cart at a Sav-a-Center with 17 bottles of liquor. His behavior attracted the notice of one of the managers, who watched Ulmer proceed, with his loaded basket, to the front of the store where the greeter stood. Ulmer told the greeter that someone had slipped on aisle one. When the greeter left, Ulmer left the store with the merchandise without paying. He was apprehended outside the store by two managers. Ulmer tried to flee, but was held by the managers and others pending the arrival of deputies. The value of the liquor in the basket was $336.59.
At his booking, defendant represented that he was Joseph Taylor. At another point in the proceedings he called himself Danny Taylor. A pre-trial hearing was held concerning defendant's identity. The fingerprint evidence showed that Danny Taylor and Dennis Ulmer had the same fingerprints. At trial, the State called an expert in latent fingerprints to analyze fingerprint cards belonging to both Danny Taylor and Dennis Ulmer, and established that the fingerprints were identical. Witnesses at trial positively identified the defendant as the man who stole the liquor.
*1019 Ulmer was unanimously convicted by a jury of six. Following proper delays, the judge sentenced the defendant to two years in prison, the maximum sentence for this offense. Defendant filed a Motion to Reconsider Sentence, which was denied. A Motion for Appeal was filed and granted.
In his first two Assignments of Error, the defendant claims that the trial court erred because the sentence imposed is constitutionally excessive and because the trial court failed to comply with the requirements of LSA-C.Cr.P. art. 894.1 when imposing sentence. The State contends that the sentence was not constitutionally excessive and that the maximum sentence was not imposed, because defendant was not fined.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. VIII; La. Const. Art. I, § 20. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. State v. Daigle, 96-782 (La.App. 5 Cir. 1/28/97); 688 So.2d 158, 159; State v. Lobato, 603 So.2d 739 (La.1992), appeal after remand, 621 So.2d 103 (La.App. 2 Cir.1993); writ denied in part and granted in part on other grounds, 627 So.2d 644 (La.1993).
In reviewing a sentence for excessiveness, this court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Daigle, 688 So.2d at 159; State v. Jackson, 597 So.2d 1188, 1189 (La.App. 5 Cir.1992). The trial judge is afforded wide discretion in determining a sentence and, if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. State v. Daigle, 688 So.2d at 159; LSA-C.Cr.P. art. 881.4(D).
The court should consider three factors in reviewing a judge's sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and, 3) the sentence imposed for similar crimes by the same court and other courts. State v. Richmond, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272, 1275. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to impose sentence within the statutory limits. State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, 816. "On appellate review of sentence, the relevant question is `whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49.
LSA-C.Cr.P. art. 894.1(C) states: "The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." We also note that, regarding LSA-C.Cr.P. art. 894.1, "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentencing." State v. Morris, 98-236 (La. App. 5 Cir. 9/16/98), 719 So.2d 1076.
According to LSA-R.S. 14:67.10, defendant's sentencing exposure was imprisonment, with or without hard labor, for not more than two years or a fine of not more than two thousand dollars, or both. The trial court did not articulate reasons for the defendant's sentence. It also appears that a pre-sentence investigation was not ordered. Prior to pronouncing the defendant's sentence, the prosecutor reminded the judge of their pre-trial discussions regarding the defendant's previous convictions in 1993, 1995, and 1996 for felony theft, a cocaine conviction, and "numerous misdemeanor convictions." Defense counsel was present and did not object to this recitation. We find that the record adequately supports the trial court's sentence, and that a remand for articulation of aggravating *1020 and mitigating factors is not necessary. State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276. Further, we find that the trial court did not abuse its discretion in giving the defendant this sentence. See State v. Johnson, 95-906 (La.App. 5 Cir. 1/28/97), 688 So.2d 162 (defendant received two years for theft of goods between $100 and $500); State v. Tucker, 97-877 (La.App. 5 Cir. 1/27/98), 708 So.2d 1098.
In his third Assignment of Error, defendant argues that the trial court did not advise him of the time limits in which to apply for post conviction relief. He is correct, but this is an error patent that does not affect the validity of the conviction or sentence.[1]
This court's procedure, which we order here, is to remand to the trial court for it to send the defendant written notice of the prescriptive period of LSA-C.Cr.P. art. 930.8; that is, defendant has two years from the date his conviction is final to apply for post conviction relief.
In defendant's fourth Assignment of Error, Ulmer argues that the trial court erred in denying his Motion for Mistrial when State witnesses allegedly testified as to other crimes committed by the defendant. The court denied the motion, stating that the events were part of the res gestae of the crime of theft. The "other crimes" evidence was the store manager's testimony that the defendant struggled with his apprehenders, spit at them, saying he had AIDS, and that he tried to throw up on them. The court also denied the defense's request for a jury admonishment, saying that she didn't believe it was necessary. For the rest of this witness's testimony, and for the next State witnesses, the trial court took special care that the attorneys' questions were phrased so that witnesses did not go into res gestae testimony of this vein.
A second store manager testified that the defendant fought with them as they apprehended them. Another witness, an off-duty JPSO deputy who helped hold the defendant until police arrived, mentioned that "fighting ensued." The responding deputy testified that the dispatcher's report related that someone had tried to leave the store with 17 bottles of alcohol and was having an altercation with another deputy and a store employee as he arrived. At this point, the jury was removed and the judge made it clear to the attorneys and witness that the altercation was not to be mentioned again.
The trial court did not err in denying the mistrial. LSA-C.Cr.P. art. 771 provides, in pertinent part:
Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Art. 771. Admonition
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within *1021 the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Under LSA-C.E. art. 404(B)(1), evidence of other crimes or bad acts is not admissible to show the victim's character or that he acted in conformity therewith, but this evidence may be admissible when it relates to "conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." The testimony about the altercation showed that it occurred as the managers apprehended the defendant outside the store as he completed his theft. Thus, the conduct was an integral part of the transaction, or res gestae.
We do not find that the introduction of this evidence was so prejudicial to the defendant as to deprive him of a fair trial. Further, the defendant raised his identity as a possible defense to the crime. Much time was devoted to establishing the defendant's identity with his fingerprint cards and the aliases Ulmer and Taylor, and another lengthy discussion occurred whether the defendant had a tattoo because one of the aliases' booking records mentioned a tattoo on his arm. The managers' and other witnesses' testimony regarding the defendant's identity as the one who committed the theft was important evidence in establishing the State's case. This res gestae evidence showed that the witnesses had the opportunity to view the thief and thus testify with certainty regarding his identity. Moreover, the trial judge took special care to limit this testimony, and made sure that the attorneys and witnesses concentrated their testimony on the theft itself. We find no error in the trial judge's denial of a mistrial and admonishment to the jury.
Accordingly, the defendant's sentence is affirmed. The matter is remanded to the district court for it to send written notice to the defendant regarding the prescriptive period of LSA-C.Cr.P. art. 930.8, and to file written proof in the record that defendant was notified.
AFFIRMED AND REMANDED.
NOTES
[1] State v. Jackson, 95-423 (La.App. 5 Cir. 11/15/95), 665 So.2d 467.