952 So.2d 793 (2007)
STATE of Louisiana
v.
Carol DOUGLAS.
No. 2006-KA-0319.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2007.
*794 Eddie J. Jordan, Jr., District Attorney, Battle Bell, IV, Assistant District Attorney, *795 New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME.
ROLAND L. BELSOME, Judge.
Defendant-Appellant Carol Douglas appeals from the trial court's sentence of forty months at hard labor for attempted simple burglary on a multiple bill. We affirm.
STATEMENT OF THE FACTS
On the evening of August 7, 2004, as Joanne Howard and her daughter Shamaria Howard were unloading items from Mrs. Howard's vehicle, Shamaria noticed a woman inside the vehicle. When Shamaria called for her mother, the Appellant exited the vehicle and began walking up the street. Mrs. Howard initially followed the Appellant on foot, and then her daughter picked her up in the vehicle. Mrs. Howard and her daughter followed the Appellant until she went into an area where they were unable to drive. While following the Appellant, the women called 911 and related what was occurring; however, the police were unable to apprehend the Appellant that evening.
The next day, Mrs. Howard was driving her vehicle when she observed the Appellant walking towards her. Mrs. Howard recognized the Appellant because she was wearing the same clothing that she had been wearing the previous evening, in addition to a pair of black slippers that were in the vehicle and belonged to Mrs. Howard. When the Appellant noticed Mrs. Howard, she entered a nearby church. The Appellant stayed inside the church until the police arrived in response to a 911 call placed by Mrs. Howard, who remained outside in her vehicle, watching the church doorway. The Appellant was then arrested.
Mrs. Howard testified that in addition to the slippers, one hundred and twenty dollars was stolen from her purse inside the vehicle. The money was not recovered. Mrs. Howard and her daughter were the only witnesses at trial.
PROCEDURAL HISTORY
The State filed a bill of information on October 15, 2004, charging the Appellant with one count of simple burglary, a violation of La. R.S. 14:62. A not guilty plea was entered at the arraignment on October 20, 2004. After waiving a jury trial, the Appellant was found guilty of attempted simple burglary at a bench trial on January 26, 2005. On February 10, 2005, the court sentenced the Appellant to two years at hard labor, and the State subsequently charged her as a third offender. A hearing on the multiple bill of information was then held on March 23, 2005, but the court did not rule at that time. After a second multiple bill hearing on April 20, 2005, the trial court adjudicated the Appellant as a third offender and sentenced her to forty months at hard labor. On April 21, 2005, the defense filed a motion to reconsider sentence, a motion to quash the multiple bill, and a motion for an appeal. The court denied the motion to reconsider and the motion to quash, but granted the motion for an appeal. This appeal followed.
ERRORS PATENT/ASSIGNMENT OF ERROR NUMBER 2
The Appellant requests a review of the record for errors patent; however, a review of the record reveals that there are no errors patent in this case.
*796 ASSIGNMENT OF ERROR NUMBER 1
In her first assignment of error, the Appellant argues that the trial court imposed an excessive sentence. That sentence, forty months at hard labor, was the statutory minimum under La. R.S. 15:529.1 and La. R.S. 14:27(62). Nevertheless, the Appellant contends that it is constitutionally excessive in light of her non-violent criminal record.
Louisiana jurisprudence dictates that the test to determine whether a sentence is excessive is two-pronged; the first prong is an examination of whether the trial court complied with LSA-C.Cr.P. art. 894.1. State v. Lobato, 603 So.2d 739, 751 (La.1992). Article 894.1 lists guidelines for courts during sentencing in criminal cases, such as taking aggravating or mitigating circumstances into consideration. LSA-C.Cr.P. art. 894.1. A trial court need not, however, specify each aggravating and/or mitigating factor as long as the record indicates that the 894.1 guidelines were adequately considered, because "the goal of the article is an articulation of a factual basis for the sentence rather than rigid or mechanical compliance with its provisions." Lobato, 603 So.2d at 751 (citing State v. Lanclos, 419 So.2d 475 (La.1982)). We find that that the trial court conducted an appropriate review in this case. The trial court inquired as to the sentencing range, and upon being informed that the minimum sentence was forty months, sentenced the defendant to the minimum term without stating reasons. The defense lodged no objection, although a motion to reconsider was timely filed two days later. The defense made no showing at the hearing or in the motion to reconsider that there were any particular mitigating circumstances that would make the Appellant exceptional such that the mandatory minimum sentence was inappropriate.[1] Finally, although the Appellant's brief cites to the rule regarding a trial court's consideration of the 894.1 factors, it does not allege that the trial court failed to appropriately conduct a review under LSA-C.Cr.P. art. 894.1 in this case.
Additionally, the trial court's omission of any reasons for judgment is irrelevant under these circumstances. In State v. Jefferson, XXXX-XXXX (La.App. 4 Cir. 12/21/05), 922 So.2d 577[2], for example, this Court rejected the appellant's argument that it should vacate the mandatory minimum sentence imposed because the trial court failed to mention any reasons for sentencing, including any sentencing factors enumerated in La.C.Cr.P. art. 894.1, stating that although the 894.1 sentencing factors must be considered in each case, "`[w]hen the statute provides for a mandatory sentence, it is an exercise in futility for the trial court to enumerate its reasons for sentencing.'" Jefferson, p. 37, 922 So.2d at 603 (citing State v. Green, 99-2847, p. 8 (La.App. 4 Cir. 11/29/00), 779 So.2d 835, 840; State v. Brooks, 2000-2337, p. 3 (La.App. 4 Cir. 4/10/02), 817 So.2d 288, 290).
The second prong of the examination of whether a sentence is excessive involves a consideration of the particular circumstances of the case and the background of the defendant. Lobato, 603 So.2d at 751. In this case, the record shows that the appellant's prior crimes were committed in 1995 and 2000, while the instant offense *797 occurred in 2004, resulting in a nine-year felony criminal record. Additionally, the enhanced theft conviction occurred in 1995; thus, the Appellant must have committed at least two misdemeanor thefts prior to 1995. Therefore, although her criminal history may be non-violent, it extends back many years. Finally, according to the docket master in the record, the Appellant was born in 1956, and youth is thus not a mitigating factor in this case.
A similar argument was asserted in State v. Williams, 98-651 (La.App. 5 Cir. 2/10/99), 729 So.2d 14, where the defendant was sentenced to twenty years as a fourth offender for the crime of attempted simple burglary. He argued that because all of his prior convictions were non-violent, the mandatory minimum sentence was excessive. Williams, 729 So.2d at 20. The appellate court rejected that argument in light of the defendant's previous arrests and burglary convictions, noting that "prior criminal activity is one of the factors to be considered by the trial judge" during sentencing, and moreover, that "[p]rior criminal activity is not limited to convictions." Id. at 21.
Therefore, although the appellant's brief contends that the two prior convictions upon which the multiple offender adjudication were based were non-violent and essentially misdemeanors,[3] pursuant to the guidelines of LSA-C.Cr.P. art. 894.1 and Louisiana jurisprudence, the lack of violence in the Appellant's previous offenses is of no consequence in this case. This Court recently reiterated the general principles regarding excessive punishment in State v. Robert, XXXX-XXXX, pp. 3-4 (La. App. 4 Cir. 5/31/06), 931 So.2d 1268, 1271 (emphasis added):
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. La. Const. Art. I, 20; State v. Landry, XXXX-XXXX (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240. A sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit. Id.; State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993). A sentence within the statutory limit is constitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Landry, 871 So.2d at 1239-1240, citing State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676.
* * *
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. Id. To merit a deviation below the mandatory minimum sentence, the defendant must clearly and convincingly show that he is exceptional. State v. Johnson, supra. Such downward departures should occur only in rare instances. Id.

In this case, the Appellant did not demonstrate any mitigating circumstances, nor did the Appellant show that the sentence imposed was grossly out of proportion to the severity of the crime. It should also be noted that although the court found the Appellant guilty of attempted simple burglary, the evidence was sufficient to sustain *798 the original charge of simple burglary. If she had been convicted of that offense, the minimum sentence would have been eight years and the maximum twelve years. Instead, because the court found the Appellant guilty of only attempted simple burglary, the sentencing range decreased to forty months minimum and twelve years maximum. Thus, the Appellant received a substantial benefit by virtue of the verdict returned by the court in the bench trial.[4]
Finally, it is worth noting that while the Habitual Offender Law is technically applicable to cases where the multiple offenders committed no crimes of violence, historically speaking, the intent was to create longer sentences primarily for individuals who had committed violent crimes. See State v. Lindsey, XXXX-XXXX (La.10/17/00), 770 So.2d 339, 347 (Johnson, J., dissenting). In Lindsey, Justice Johnson stated that "[w]hen the legislature passed the habitual offender statute, La. R.S. 15:529.1, the intent was to reach violent criminals, who demonstrate through their recidivism that they are beyond rehabilitation." Lindsey, 770 So.2d at 347. Justice Johnson further noted that she was "not convinced" that the legislature had the defendant in that case "or other purse snatchers in mind when they put these mandatory sentences in place," and remarked that "every petty thief, shoplifter and purse snatcher is subject to a mandatory life sentence because of the policy on multiple billing." Id.
CONCLUSION
Although the penalty in this case does not appear to fit the crime, we are required to uphold the sentence imposed by the trial court pursuant to the guidelines mandated by La. R.S. 15:529.1. The Appellant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Notably, the sentencing range that was applicable to the appellant was not changed by the enactment of 2001 legislation that reduced some penalties for habitual offenders with crimes of violence and drug offenders.
[2] A writ has been applied for in the Supreme Court.
[3] One conviction was for a crime against nature and the other was for multiple offender theft.
[4] Before the trial commenced, the defense attorney placed on the record the fact that the State had offered a plea bargain wherein the defendant would receive a three-year sentence and no multiple bill would be filed, but that she had rejected the offer. The sentence ultimately imposed by the trial court cannot be deemed in any way an additional penalty from the trial court for her choice to exercise her right to a trial considering that it was only ten months more than what was offered in the plea bargain, albeit without benefit of good time under La. R.S. 15:529.1.