842 So.2d 1083 (2003)
STATE of Louisiana
v.
Jerry TONEY.
No. 2002-K-0992.
Supreme Court of Louisiana.
April 9, 2003.
Richard P. Ieyoub, Attorney General, Eddie J. Jordan, Jr., District Attorney. Leslie P. Tullier, Esq., for Appellant.
Michael H. Idoyaga, Esq., for Respondent.
*1084 CALOGERO, Chief Justice.
The sole issue in this appeal is whether the trial judge properly quashed a multiple offender bill against defendant, Jerry Toney, either because the bill was not timely filed by the State or because 17 months ensued between the filing of the multiple offender bill and the hearing on the matter. Finding on the basis of the facts reflected in the record that the bill was timely filed and that the 17-month delay was not unreasonable, we reverse the trial court decision and remand for a prompt hearing on the multiple offender bill.

FACTS
The defendant was arrested on August 30, 1996, for possession of cocaine with intent to distribute.[1] On October 29, 1996, the defendant was charged with a violation of La.Rev.Stat. 40:967(A)(1). Following eleven continuances, eight of which were requested by the defendant and two of which were requested jointly by the State and the defendant, defendant was tried and convicted of the charged offense on December 2, 1998. Pursuant to the provisions of La.Rev.Stat. 40:967(B)(1)[2], the defendant was sentenced to 10 years at hard labor on March 14, 2000.
Also on March 14, 2000, the district attorney filed a multiple offender bill, asserting that the defendant was a fourth felony offender[3] pursuant to the provisions of La.Rev.Stat. 15:529.1[4], and set the multiple offender bill for hearing on April 14, 2000. The hearing was then reset 13 times before it was finally set for hearing on June 29, 2001. According to the record, two of the continuances were requested by the defendant and two were requested jointly by the State and defendant; the record does not reflect the party requesting the other nine continuances.
On June 29, 2001, the defendant filed a formal motion to quash the multiple offender bill, incorrectly asserting that the multiple bill had just been filed. The defendant also stated that the district attorney had failed to indicate which of the five previous offenses he intended to use, meaning that the defendant was unable to obtain meaningful discovery. At the hearing on the motion to quash, held on August 7, 2001, the trial judge denied the State's request for a continuance and granted the motion to quash. In support of his decision to quash the multiple offender bill, the trial judge referred to the "dilatory tactics of the State in handling the matter," and found that the actions of the State "demonstrate[d] an unwillingness for the prosecutor's office to do what they're supposed to do." The transcript of the hearing indicates that the trial judge was frustrated by the fact that the assistant district attorney, who was apparently one of a series of assistant district attorneys to work on the case, was not prepared to defend against *1085 the motion to quash. After finding that the motion should be quashed because the hearing had not been timely held after the filing of the multiple bill, the trial judge directed defense counsel to file a motion to quash on those grounds. The defendant's attorney then filed a second, handwritten motion to quash. The hearing was then interrupted by other matters.
When the hearing resumed, the trial judge suggested that, after consideration of good time served, the defendant's sentence might be completed. The assistant district attorney responded by requesting a stay order, which the trial judge denied, again citing the fact that the State was not ready to try the case that day. The defense attorney then stated that the defendant's sentence had not been completed, though it was "almost up." When the assistant district attorney announced his intention to seek review of the granting of the motion to quash. The trial judge then stated as follows:
[L]et the record reflect not only the basis of the dilatory nature of resetting the case, Multiple bill hearing on top of Multiple hearing, the State not going forward with the case, the State is too tardyis tardy in filing the bill on 3/14/2000.
The State appealed the trial court's decision to quash the multiple offender bill. In an unpublished decision, a panel of the Fourth Circuit Court of Appeal affirmed the trial court judgment, with one judge dissenting. The appellate court found that the trial court was in a better posture to determine who was responsible for the delays in hearing the multiple offender bill and deferred to the discretion of the trial judge. State v. Toney, XXXX-XXXX (La.App. 4 Cir. 3/6/02), 812 So.2d 161. The only issue addressed by the appellate court is the trial court's finding that the State had been dilatory in proceeding with the multiple bill. This court granted the State's application for supervisory review. State v. Toney, XXXX-XXXX (La.11/22/02),829 So.2d 1034-35.

DISCUSSION
Under the express provisions of Louisiana's multiple offender sentence enhancement statute, a multiple bill may be filed against a defendant who has been convicted of a felony "at any time, either after conviction or sentence." La.Rev. Stat. 15:529.1(D)(1)(a). Although the statute does not provide a specific time period during which a multiple bill may be filed, this court has held that it "does not allow an indefinite time in which the district attorney may file the multiple offender bill once the necessary information is available." State v. McQueen, 308 So.2d 752, 755 (La.1975). In reaching this conclusion, the court in McQueen relied both on a defendant's Constitutional right to a speedy trial[5] and the provisions of La. Code of Crim. Proc. art. 874, which requires that criminal sentences be imposed without unreasonable delay. Id. This court then concluded that the multiple bill must be filed "within a reasonable time after the necessary information is available to the appropriate district attorney." Id. See also State v. Broussard, 416 So.2d 109, 110 (La.1982).
In the instant case, the multiple bill was clearly filed within the "reasonable time" mandated by McQueen and Broussard as it was filed on the same day the defendant was sentenced; thus, the trial court erred in his alternative finding that the multiple bill should be quashed because the State was tardy in filing the bill.
Thus, the pivotal issue raised by this appeal is whether a 17-month delay *1086 between the filing of the multiple bill and the holding of a hearing on the issue demands that the multiple bill be quashed. This court has not previously expressly considered that issue. However, given the fact that the rule adopted in McQueen and Broussard is based on the requirement of La.Code of Crim. Proc. art. 874 that sentences be imposed without unreasonable delay, we find that the hearing on a multiple bill must be held within a reasonable time, under the facts and circumstances of the specific case, after the filing of the bill.
The State argues that the lower courts erred in quashing the multiple bill under the facts and circumstances of the instant case because the record is unclear concerning the party requesting most of the continuances. In the absence of record evidence that the State was actually responsible for the delay, the motion to quash should not have been granted, the State argues, because the delay was not per se unreasonable. In support of its argument, the State cites State v. Grimes, XXXX-XXXX (La.App. 4 Cir. 05/02/01), 786 So.2d 876, which was decided by a different panel of the Fourth Circuit Court of Appeal than the panel that affirmed the trial court decision quashing the multiple bill in this case. The State argues that the two decisions are inconsistent.
In Grimes, some 16-months passed between the filing of the multiple bill and the hearing; the matter was continued between 16 and 18 times during that period. Id. at 1, 786 So.2d at 877. Moreover, at the time the trial court denied the defendant's motion to quash the multiple offender bill, the defendant had served 23 months of a three-year sentence. Id. Nevertheless, the court of appeal denied the defendant's application for supervisory writs, finding that the 16 month delay was not unreasonable under the facts and circumstances of that case. Id. at 16, 786 So.2d at 885. In reaching that conclusion, the court noted as follows:
The defendant has failed to show who requested the continuances of which he complains; he has failed to show that the continuances were not justified; and he has failed to show that he was prejudiced thereby.
Id. In reaching its decision to deny the writ application, the Grimes court cited to numerous previous Fourth Circuit cases in which the passage of an extended period passed between the filing of the multiple bill and the hearing was found to be reasonable. See Id. at 6-14, 786 So.2d 876 and cases cited therein.
In the instant case, we cannot say that dilatory tactics of the district attorney caused the delay between the filing of the multiple bill and the holding of the hearing because the record does not reflect the party requesting most of the continuances. What the record does reveal is that the district attorney set the multiple bill for hearing at least six separate times. Further, nothing in the record of this case indicates that the continuances were not justified. Finally, under the overall facts presented by this case, we see no great prejudice to the defendant caused by the delay. The multiple bill was timely charged, alerting the defendant to the possibility that his sentence would be enhanced. Thus, the defendant was not caught by surprise.
While McQueen and Broussard tell us, properly so, that La.Code of Crim. Proc. art. 874 requires that a sentence be imposed without unreasonable delay, we do not believe the delay in this case was unreasonable. The district attorney in this case did not, as in McQueen and Broussard, desist from filing the multiple offender bill for an unreasonable length of time after imposition of the defendant's *1087 felony sentence. In fact, our review of the record indicates that the district attorney's most egregious error occurred when he requested a continuance on the day the defendant's motion to quash came up for hearing. Most likely, the trial judge's decision to grant the continuance was motivated, not so much by the delay between the filing of the bill and the hearing, as by the district attorney's failure to be prepared to defend against the motion to quash when he should have been. That tardiness we do not perceive as adequate reason to quash the multiple bill.
Our decision in this case should not, however, be read to indicate that the dilatory tactics of a district attorney in setting a hearing following the filing of a multiple bill could never ripen into a favorable situation for a defendant, or result in the quashing of a multiple bill. If the record clearly reflected that the district attorney was solely responsible for a 17-month delay because he had asked for multiple continuances, the result in this case might well have been different. However, under these facts and circumstances, we find that the trial judge abused his discretion when he quashed the multiple bill.
Conceivably, if evidence established an unreasonably long delay between the filing of the multiple offender bill and the hearing was attributable to a District Attorney who had developed a vindictive desire to prevent the defendant from getting out of jail, as the defendant neared that juncture, such evidence would be relevant. However, no such evidence exists in this matter.

DECREE
Accordingly, the trial court judgment quashing the multiple bill is hereby reversed. The case is remanded to the trial court for a prompt hearing on the multiple offender bill.
REVERSED AND REMANDED.
NOTES
[1] The defendant claims that he had 10 rocks of crack in a film canister.
[2] La.Rev.Stat. 40:9676(B)(1) provides that a defendant who has been convicted of violation of La.Rev.Stat. 40:987(A)(1) "shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years."
[3] According to the multiple bill, defendant actually had four previous felony convictions, as follows: (1) December 2, 1998possession of crack with intent to distribute in violation of La.Rev.Stat. 467(A)(1); (2) May 2, 1990 felon in possession of a firearm in violation of La.Rev.Stat. 14:95.1; (3) April 14, 1989possession of cocaine in violation of La.Rev.Stat. 40:967(C)(2); and (4) August 29, 1984burglary in violation of La.Rev.Stat. 14:62.
[4] It appears that under the provisions of La. Rev.Stat. 15:529.1, as it existed at the time of defendant's arrest, the defendant could be sentenced to life in prison without benefit of parole, probation, or suspension of sentence, if convicted under the multiple bill.
[5] La. Const. art 1, § 16 (1974), U.S. Const., amend. 6.