MICHAEL E. KIRBY, Judge.
| Ronald Buckley was convicted of aggravated battery and multiple billed. Following a lengthy delay in the proceedings he was ultimately adjudicated a fourth felony offended and sentenced to serve twenty years in the custody of the Louisiana Department of Corrections without benefit of parole. He appeals citing three assignments of error. Finding no merit in any of the assigned errors, we affirm.
FACTS AND PROCEDURAL HISTORY
The State charged Mr. Buckley on April 23, 2007, with having committed three counts of aggravated battery on April 8, 2007. Following a trial on November 13, 2007, the jury convicted him of only one count. The trial court sentenced him to five years in the custody of the Louisiana Department of Corrections on March 19, 2008. Immediately following sentencing, the State filed a multiple bill, alleging Mr. Buckley was a third felony offender. A multiple bill hearing was scheduled for May 2, 2008. In the meantime, on April 14, 2008, Mr. Buckley appealed the aggravated battery conviction.[1]
pThe multiple bill hearing scheduled for May 2, 2008 was continued to June 2, 2008, because the State was awaiting the records certification pack. The June 2, 2008 hearing was also continued on motion of the State, but the defendant filed a motion to quash the multiple bill, a motion for discovery and a response under La. R.S. 15:529.1(D)(1). The next scheduled hearing was June 13, 2008, but it was continued, again by the State to July 25, 2008. The July 25th hearing was continued because Mr. Buckley was in the Sheriffs custody and not brought to court. An evidentiary hearing was set for September 3, 2008, and the multiple hearing for September 17, 2008. The evidentiary hearing had to be reset to September 16, 2008, due to Hurricane Gustav. Meanwhile, on September 9, 2008, defense counsel had requested the multiple bill hearing be reset pending receipt of the records certification package. The trial court granted the motion and set the evidentiary hearing for September 17, 2008. On September 17th, *485 the Sheriff failed to bring Mr. Buckley to court and the multiple bill hearing was delayed to October 28, 2008; however, on that date defense counsel inspected the certification package. On October 20, 2008, the State again asked for and was granted a continuance. The matter was rescheduled for November 18, 2008, but was continued because Mr. Buckley’s mental competency was to be determined at a lunacy hearing on January 15, 2009. However, the lunacy hearing was continued by the trial court to January 29, 2009, and then again continued to February 12, 2009, at which time, Mr. Buckley was actually examined and interviewed by the members of the sanity commission. The lunacy hearing was then set for February 19, 2009, but on that date Mr. Buckley was not brought to court so the trial court reset the lunacy hearing to March 19, 2009. Again, the lunacy hearing had to be rescheduled for April 16, 2009, because Mr. Buckley was not brought to court. |sThe defense moved to continue the April 16, 2009 lunacy hearing, but the trial court denied the request. Following the lunacy hearing, the trial court found Mr. Buckley competent and set the multiple hearing for May 21, 2009. Due to jury trials in progress, the multiple bill hearing was reset to June 11, 2009, and then again to July 2, 2009. On July 2, 2009, Mr. Buckley was not brought to court, so the matter was reset to August 6, 2009, and again he was not brought to court. The subsequently scheduled hearing for September 17, 2009 and November 20, 2009, did not occur as the court was closed those days. By joint motion of the State and defense, the hearing for December 4, 2009, was postponed until March 8, 2010, because Mr. Buckley was not brought to court. The hearings scheduled for March 8, 2010, April 13, 2010, and June 28, 2010, were likewise continued because Mr. Buckley did not appear because the Department of Corrections failed to transport him. Finally, Mr. Buckley appeared on August 20, 2010, and the trial court ordered he remain in the custody of the Orleans Parish Sheriff until the case was completed. On a motion by the defense, the multiple bill hearing was then set for August 27, 2010.
On August 27, 2010, the State filed a second multiple bill, with additional information. Mr. Buckley filed motions to quash both the bill of information and the multiple bill. The trial court declined to quash the bill of information and went forward with the multiple bill hearing.
The State called fingerprint expert Officer George Jackson to testify and both sides stipulated to his qualifications. Officer Jackson compared Mr. Buckley’s fingerprints taken that day in court to those found on print cards from Orleans, East Baton Rouge and Tangipahoa Parishes. The officer found the fingerprints taken in court matched those found on the cards. The trial court took |4the motion to quash the multiple bill under advisement, and reset the hearing to September 24, 2010.
The trial court rendered a written judgment, denying the motion to quash the multiple bill on October 7, 2010, thirty three months after his November 13, 2007 conviction. The court found him to be a fourth felony offender and sentenced him to serve twenty years.
Mr. Buckley appealed the habitual offender adjudication.
ASSIGNMENTS OF ERROR
Mr. Buckley asserts the following assignments of error:
(1) The trial court erred in denying the motion to quash the multiple bill;
(2) The trial court erred in finding Ronald Buckley to be a fourth offender;
*486 (3)The trial court erred in imposing an unconstitutionally excessive sentence of twenty years, as a “mandatory” sentence, without providing any basis for the sentence.
STANDARD OF REVIEW
Under State v. Love, 2000-3347, p. 6, (La.5/23/03), 847 So.2d 1198, 1206-1207 and State v. Grimes, 2001-0576, p. 6, (La. App. 4 Cir. 5/2/01), 786 So.2d 876, 885, an appellate court employs the abuse of discretion standard in deciding whether a trial court erred in denying a defendant’s motion to quash.
Assignment of error No. 1
In the first assignment of error, Mr. Buckley contends the State adversely affected his due process rights by unreasonably delaying his multiple bill hearing. The record reflects that the hearing was continued twice because of jury trials in | r,progress, three times because the court was not in session, and five times because the defendant was not transported to court, which included the five month period while a competency evaluation was pending. To prevail on his assertion, Mr. Buckley must establish that the delay violated his due process rights.
La.C.Cr.P. Art. 874, which provides that a “[sjentence shall be imposed without unreasonable delay[,]” governs the time within which the State shall file a multiple offender bill of information. State v. McQueen, 308 So.2d 752, 754-56 (La.1975). Under La. R.S. 15:529.1 D(l)(a), a multiple bill may be filed against a defendant who has been convicted of a felony “at any time, either after conviction or sentence.” While La. R.S. 15:529.1 does not establish a time limit for multiple offender proceedings, the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions. State v. Muhammad, 2003-2991, p. 14 (La.5/25/04), 875 So.2d 45, 55. This rationale is based upon a defendant’s constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. State v. Rainey, 2009-1510, p. 3 (La.App. 4 Cir.2010), 43 So.3d 1090, 1092 (citation omitted).
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set forth four factors for courts to consider in determining whether a defendant’s right to a speedy trial has been violated. Those factors are the length of the delay; the reasons for the delay; the accused’s assertion of his right to a speedy trial; and the prejudice to the accused as a result of the delay. See also State v. Muhammad, 2003-2991 (La.5/25/04), 875 So.2d 45, 56. The Louisiana Supreme Court has noted that while these factors are neither definitive nor | ^dispositive in the context of a habitual offender proceeding, they are instructive. Id. at 15, 875 So.2d at 55.
In Muhammad, supra, the Louisiana Supreme Court overruled State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), to the extent that it established a bright line rule that multiple offender proceedings must be completed before the defendant satisfies his sentence on the underlying felony. The Muhammad Court held that an evaluation of the circumstances surrounding the multiple bill offender proceedings should be conducted on a case by case basis. Muhammad, 2003-2991 at 13, 875 So.2d at 54. The Court further noted that an important factor in deciding whether the multiple offender bill of information was timely filed requires a determination of when the State acquired the knowledge that the defendant was a multiple offender. Id. at 14, 875 So.2d at 55.
*487 In Muhammad the Court recognized that “[t]here are two concepts at issue in this case — the timely filing of a multiple offender bill of information and the timely hearing or completion of the proceeding.” Id. at 16, 875 So.2d at 56. In Muhammad, the original multiple offender bill of information was filed on the date of the defendant’s sentencing, which was before he was released from custody. Due to a series of events, including remands following two appeals, the defendant was not finally adjudicated a multiple offender until four months after his sentence completion date. Id. The issue was whether or not the multiple offender adjudication was timely completed. The Court found that the State did not unduly or unreasonably delay in completing the multiple offender proceedings, noting the “[djefendant was never released from prison only to have the State thereafter file enhancement proceedings.” Id. at 17, 875 So.2d at 56.
7In this case, in written reasons for judgment, the trial court acknowledged that the State significantly delayed the filing of the multiple bill of information for purposes of receiving additional documentation. The Court also emphasized that the multiple bill hearing was continued numerous times on the motions of both the State and defense, as well as by the court itself. Nonetheless, the trial court concluded that the State’s delay did not rise to such a level as to preclude a fair multiple bill hearing. The court further noted that the State had informed Mr. Buckley at his original sentencing that it would file the multiple bill. After reviewing the record and considering the trial court’s reasons for judgment, we find the trial court acted within its discretion in denying Mr. Buckley’s motion to quash the multiple bill of information. The first assignment of error is without merit.
Assignment of error No. 2
In the second assignment of error, Mr. Buckley contends the trial court erred in adjudicating him a fourth felony offender. He claims that the State failed establish that he is a fourth felony offender. Although he argues in his brief that the State’s computation of the time elapsed between the end of his 1995 confinement and the date of his next offense in 2005 is incorrect, the trial record indicates that the issue of improper computation of time was not raised before the trial court, and, therefore, the issue is waived.
Mr. Buckley further asserts that he is entitled to a jury trial on the multiple bill charge, citing La. R.S.15:529.1. However, in State v. Smith 2005-0375 (La. App 4 Cir. 7/20/05), 913 So.2d 836, this court held that a defendant is not entitled to a jury trial for factual determinations made at a multiple bill hearing.
|sMr. Buckley contends the State failed to prove he knowingly and voluntarily waived his rights in the predicate offenses for the multiple bill. State v. Carter, 630 So.2d 926, 933, (La.App. 4 Cir. 1993). In its written reasons for judgment, the trial court addressed Mr. Buckley’s arguments, including the assertion that he had been promised a “deal” only to have the State go ahead with charging him as a fourth felony offender. Mr. Buckley had argued that he would have employed a different strategy had he been made aware of what he actually faced. The trial court in its reasons for judgment stated:
without a record indicating otherwise, an alleged discussion before the commencement of trial about the defendant’s potential exposure as a multiple offender cannot be construed as giving rise to a justifiable belief that a multiple bill would not include certain convictions the of the defendant from other parishes in *488 the State.... the defendant knew or should have known of his exposure to the multiple offender statute regardless of the exponent [and he therefore] should not have had an expectation of an early release.
Under the “presumption of regularity,” the State need not specifically enumerate the rights waived in the absence of a contrary showing by the defendant. The “presumption of regularity” makes it appropriate to assign a proof burden to the defendant even when a collateral attack rests on constitutional grounds. Parke v. Raley, 506 U.S. 20, 21, 113 S.Ct. 517, 518, 121 L.Ed.2d 391 (1992); State v. Henry, 96-1280 (La.App. 4 Cir. 3/11/98), 709 So.2d 322. The State must prove both the existence of a prior felony conviction and that the defendant is the same person convicted of that felony.
The record, containing Mr. Buckley’s certification packets supplied by the Department of Corrections, provides the following information regarding dates and offenses:
|9On July 25, 1990, Mr. Buckley pled guilty to simple burglary in Tangipahoa Parish District Court. The date of the offense was January 19, 1990. The appellant was sentenced to serve ten years suspended, and placed on five years active probation.
On October 3, 1995, Mr. Buckley pled guilty to theft over five hundred dollars in Orleans Parish Criminal, Case number 377-507 “I”. The date of the offense was May 13, 1995. He was sentenced to serve five years with the Department of Corrections with credit for time served.
On August 3, 2006, Mr. Buckley pled guilty to attempt simple robbery in East Baton Rouge Parish, Case number 09-05-0253. He was sentenced to serve twenty months with the Department of Corrections.
On November 13, 2007, Mr. Buckely was found guilty following a jury trial of aggravated battery in the instant case.
In addition, the State established that Mr. Buckley is the same person who pled guilty to these prior convictions. The record amply demonstrates that Mr. Buckley is a fourth felony offender, as envisioned under La. R.S. 15:529.1, and that the State has satisfied its burden of proof. It also demonstrates that Mr. Buckley had sufficient notice of the multiple bill he faced, and that he was not harmed or prejudiced by the State’s delayed filing. The second assignment of error is without merit.
Assignment of error No. 3
In his third assignment of error, Mr. Buckley complains that the trial court did not sufficiently delineate the aggravating and mitigating factors which the court considered in reaching its sentence. He argues that the sentence is excessive; that the trial court abused its discretion; and that the mandatory mínimums called for under La. R.S. 15:529.1 are unconstitutional.
|inThis Court addressed these issues in State v. Douglas, 2006-0319 (La.App. 4 Cir. 2/14/07), 952 So.2d 793, stating:
A trial court need not, however, specify each aggravating and/or mitigating factor as long as the record indicates that the 894.1 guidelines were adequately considered, because “the goal of the article is an articulation of a factual basis for the sentence rather than rigid or mechanical compliance with its provisions.” [State v.] Lobato, 603 So.2d [739] at 751 [ (1992) ] [citing State v. Lanclos, 419 So.2d 475 (La.1982) ].
[[Image here]]
Additionally, the trial court’s omission of any reasons for judgment is irrelevant *489 under these circumstances. In State v. Jefferson, 2004-1960 (La.App. 4 Cir. 12/21/05), 922 So.2d 577, for example, this Court rejected the appellant’s argument that it should vacate the mandatory minimum sentence imposed because the trial court failed to mention any reasons for sentencing, including any sentencing factors enumerated in La. C.Cr.P. art. 894.1, stating that although the 894.1 sentencing factors must be considered in each case, “ ‘[w]hen the statute provides for a mandatory sentence, it is an exercise in futility for the trial court to enumerate its reasons for sentencing.’ ” Jefferson, p. 37, 922 So.2d at 603 (citing State v. Green, 99-2847, p. 8 (La.App. 4 Cir. 11/29/00), 779 So.2d 835, 840; State v. Brooks, 2000-2337, p. 3 (La.App. 4 Cir. 4/10/02), 817 So.2d 288, 290).
[[Image here]]
This Court recently reiterated the general principles regarding excessive punishment in State v. Robert, 2005-1315, pp. 3-4 (La.App. 4 Cir. 5/31/06), 931 So.2d 1268, 1271 (emphasis added): Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. La. Const. Art. I, § 20; State v. Landry, 2003-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240. A sentence may violate a defendant’s constitutional right against excessive punishment even if it is within the statutory limit. Id.; State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A sentence within the statutory limit is constitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Landry, 871 So.2d at 1239-1240, citing State v. Johnson, 971906 (La.3/4/98), 709 So.2d 672, 676.
[[Image here]]
It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the present case that would rebut the presumption of constitutionality. Id. To merit a deviation below the mandatory minimum sentence, the defendant must clearly and convincingly show that he is exceptional. State v. Johnson, supra. Such downward departures should occur only in rare instances. Id.
Douglas, 2006-0319, pp. 3-6, 952 So.2d at 796-797 (Emphasis supplied).
Regarding the multiple offender sentence imposed by the trial court in this case, pursuant to La.R.S. 15:529.1 A(4)(a), the sentencing range for a fourth felony offense is between twenty.years and life in prison. Mr. Buckley was sentenced to serve twenty years, the mandatory minimum. He has not established that his case is in any way exceptional, or that the sentence he received is excessive. See State v. Lindsey, 99-3302, p. 5, (La.10/17/00), 770 So.2d 339, 343. Thus, we conclude the third assignment of error is without merit.
DECREE
For the above reasons, we affirm the multiple bill adjudication and sentence.
AFFIRMED

. This court affirmed the conviction and sentence. See State v. Buckley, 2008-0777 (La. App. 4 Cir. 1/14/09), 4 So.3d 885.