ROSEMARY LEDET, Judge.
__JjThis is a criminal appeal by the State. The State’s sole assignment of error is that the district court erred when it granted the motion to quash the multiple bill of information filed by the defendant, Denzil Simmons. For the reasons that follow, we affirm.
STATEMENT OF THE CASE
On December 11, 2009, Mr. Simmons was charged by bill of information with attempted armed robbery. Following this charge, several events relevant to this appeal took place. These events are summarized below in chronological order.
December 6,2010 Mr. Simmons was found guilty of attempted armed robbery following a bench trial. During the trial, Mr. Simmons testified that he had been convicted of a felony in the State of Mississippi at the age of sixteen. Mr. Simmons[1] was convicted of armed robbery on February 26,1997.
*694 [[Image here]]
February 2,2011 The Mississippi Department of Corrections mailed several documents to the Orleans Parish District Attorney’s Office, which established that _Mr. Simmons had a prior felony conviction in the State of Mississippi.
March 30,2011 Despite no indication that the State had filed a multiple billj^against Mr. Simmons, a multiple bill hearing was set for this date.
On this date, Mr. Simmons did not appear in court in response to a State request to the DOC.
The Disti'ict Attorney requested that a multiple offender hearing be on April 11, 2011.[2]_
April 11, 2011 Mr. Simmons did not appear with his attorney in court. The hearing _was continued on a defense motion._
Mr. Simmons did not appear with his attorney in court. The hearing was continued on the State’s motion._ April 21, 2011
The hearing was continued by the court. May 12, 20H~
June 2, 2011 The hearing was continued by the court.
June 16, 2011 Mr. Simmons appeared with his attorney in court. The hearing was _continued on the State’s motion._
June 30, 2011 Mr. Simmons did not appear with his attorney in court. The hearing _was continued on the State’s motion._
Mr. Simmons did not appear with his attorney in court.[3] The hearing was continued on the State’s motion._ July 20, 2011
Mr. Simmons did not appear with his attorney in court. The hearing was continued at the request of both parties._ August 25, 2011
Mr. Simmons did not appear with his attorney in court. The hearing was continued on the State’s motion._ November 4, 2011
Mr. Simmons did not appear with his attorney in court.[4] The hearing was reset by the court._ January 19, 2012
The State filed its Multiple Offender Bill of Information against Mr. Simmons. February 9, 2012
jMr. Simmons did not appear with his attorney in court. The hearing was continued on the State’s motion._
Mr. Simmons did not appear in court. The hearing was continued at the request of both parties. February 24, 2012
Mr. Simmons did not appear in court. The hearing was continued on _the State’s motion._ March 5, 2012
April 5, 2012 Mr. Simmons did not appear in court.[3] The hearing was reset by the court.
*695 May 10, 2012 Mr. Simmons did not appear in court. The hearing was reset by the _court due to a trial in progress._
May 11, 2012 Mr. Simmons did not appear in court. The hearing was continued on the State’s motion.
The Orleans Parish Defender’s office was appointed to represent Mr. _Simmons._
May 31, 2012 Mr. Simmons did not appear in court. The hearing was continued on _the State’s motion._
July 15, 2012 Mr. Simmons was released from prison after completing his sentence _for the underlying charge of Attempted Simple Robbery._
August 8, 2012 The State filed another Multiple Offender Bill of Information.
Mr. Simmons appeared with his attorney in court. The district court denied the State’s motion for continuance and dismissed the hearing without prejudice. A multiple offender hearing was scheduled for _October 16, 2012_
October 16,2012 Mr. Simmons appeared without counsel in court. The district court appointed the Tulane Law Clinic to represent Mr. Simmons and _scheduled a status hearing for October 31, 2012._
October 31, 2012 Mr. Simmons appeared with his attorney in court. A motion to quash _the bill of information was set for hearing on November 28, 2012.
November 28, 2012 The Clerk’s Office received Mr. Simmons written motion to pquash the multiple bill and the State’s response. After hearing testimony and reviewing evidence in the case, the district court granted Mr. Simmons’ motion to quash the multiple bill.
The State’s appeal followed.[6]
STANDARD OF REVIEW
This Court in reviewing a trial court’s ruling on a motion to quash involving factual determinations — such as speedy trial violations and nolle prosequi dismissal-reinstitution cases — applies an abuse of discretion standard. State v. Hall, 13-0453, p. — (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39, 2013 WL 5568736; see State v. M.C., 10-1107, p. 11 (La.App. 4 Cir. 2/18/11), 60 So.3d 1264, 1270-71 (Bonin, J., concurring); see also State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673 n. 3 (explaining that “[in] reviewing rulings on motions to quash where there are mixed questions of fact as well as law, ... a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion”); State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (“[bjecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.”). However, in reviewing a ruling on a motion to quash involving solely a legal issue, this Court applies a de novo standard of review. State v. Guillott, 12-0652, p. 4 (La.App. 4 Cir. 2/20/13), - So.3d -, -, 2013 WL 633093 (citing State v. Schmolke, 12-0406, pp. 2-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-99). Since this case involves a factual | ¿determination, we apply an abuse of dis *696 cretion standard of review to determine whether the district court erred in granting Mr. Simmons’ motion to quash.
DISCUSSION
As noted at the outset, the State’s sole assignment of error is whether the district court erred in granting Mr. Simmons’ motion to quash the State’s bill of information charging him as a multiple felony offender under La. R.S. 15:529.1.
The State first argues that a defendant must show prejudice in order to defeat a habitual offender charge, citing State v. McNeal, 99-1265, p. 9 (La.App. 4 Cir. 6/14/00), 765 So.2d 1113, 1118. In McNeal, this court found no prejudice in a delay of almost two years between the defendant’s conviction and the State’s filing of the multiple bill.[7] Id. The State also cites State v. Buckley, 11-0369, p. 7 (La.App. 4 Cir. 12/27/11), 88 So.3d 482, 487, in which this court found no prejudice when a multiple bill hearing was not commenced until nearly three years after sentence. The State argues that in Buckley “the State had informed [the defendant] at his original sentencing that it would file the multiple bill,” and the trial court found that “the State’s delay did not rise to such a level as to preclude a fair multiple bill hearing.” Id.[8]
The State further cites State v. Grimes, 01-0576, pp. 15-16 (La.App. 4 Cir. 05/02/01), 786 So.2d 876, 885, in which this court denied the defendant’s writ disregarding the denial of his motion to quash the multiple bill of information, despite a sixteen month delay between filing of the multiple bill and the hearing. The State notes that this court opined that the defendant “failed to show that the continuances were not justified; and he ... failed to show that he was prejudiced thereby.” Grimes, 01-0576 at p. 16, 786 So.2d at 885.[9] This court also opined:
In State v. Broussard, 416 So.2d 109, 110 (La.1982), the Louisiana Supreme Court noted that although La. R.S. 15:529.1 does not provide a time limitation, a multiple bill must be filed within a reasonable time after the State learns that a defendant has a prior felony conviction. The Court stated:
The same considerations which underlie the constitutional right to a speedy trial compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under *697 the provision should not be unduly delayed.
Grimes, 01-0576 at p. 5, 786 So.2d at 879.
The State concedes that the Louisiana Supreme Court, in State v. Broussard, held that a thirteen-month delay was unreasonable under the circumstances; however, it argues that Broussard represents only a single instance in which a delay of thirteen-months was found to be unreasonable. 416 So.2d at 111
The State further cites State v. Toney, 02-0992, p. 7 (La.4/9/03), 842 So.2d 1083, 1087, in which the Louisiana Supreme Court found a seventeen month delay reasonable when the State was not solely responsible for that delay. The Toney court held:
17Thus, the pivotal issue raised by this appeal is whether a 17-month delay between the filing of the multiple bill and the holding of a hearing on the issue demands that the multiple bill be quashed. This court has not previously expressly considered that issue. However, given the fact that the rule adopted in McQueen and Broussard is based on the requirement of La.Code of Crim. Proc. art. 874 that sentences be imposed without unreasonable delay, we find that the hearing on a multiple bill must be held within a reasonable time, under the facts and circumstances of the specific case, after the filing of the bill.
Id., 02-0992 at pp. 4-5, 842 So.2d at 1085-86.
The State contends that the delay which occurred in this case was not unreasonable given that Mr. Simmons was aware of his own previous felony conviction and that he has not been prejudiced by the late filing. It also contends that Mr. Simmons has been given sufficient notice pursuant to La. R.S. 15:529.1(D)(l)(a).[10] Finally, the State contends that because the first multiple bill hearing was initially scheduled for March 30, 2011, not quite four months after Mr. Simmons was found guilty, he was not prejudiced by the State’s delay.
In response, Mr. Simmons argues that the State was negligent in its handling of this matter and that it violated both the letter and spirit of La. |sC.Cr.P. art. 874,[11] which requires that sentences be imposed without unreasonable delay.[12]
*698 Mr. Simmons points out the following significant facts:
1) The State did not file its bill of information until February 9, 2012, more than one year after Mr. Simmons’ admission at trial, and after receiving confirmation of the conviction from the State of Mississippi.
2) The State failed to secure Mr. Simmons’ appearance in court on fifteen different occasions.
3) The State requested ten continuances, nine of which were granted by the trial court.
4) The State made only half-hearted and perfunctory efforts to ascertain Mr. Simmons’ whereabouts, as is made apparent by the fact that it filed the August 8, 2012 bill of information nearly one month after Mr. Simmons had been released from DOC custody.
jnMr. Simmons emphasizes that this matter has been continued fifteen times. He points out that only one of these continuances was requested by him (the April 11, 2011 continuance), and that his counsel joined in only two of the continuances.
Mr. Simmons contends that the timely filing and adjudication of multiple bills is an essential due process requirement. He notes that in determining the “reasonableness” of a delayed multiple bill adjudication, courts consider the four factors set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which are: the length of delay, the reason for the delay, an assertion of the right, and prejudice to the defendant. Mr. Simmons argues that the Louisiana Supreme Court has found these factors instructive, but not dispositive. In support, he cites State v. Muhammad, 03-2991, p. 14 (La.5/25/04), 875 So.2d 45, 55, in which the Louisiana Supreme Court held:
The court in McQueen relied on [the] defendant’s constitutional right to a speedy trial [footnote omitted] and the provision of La. C.Cr.P. art. 874 which requires criminal sentences be imposed without unreasonable delay. This court concluded the multiple offender bill must be filed within a reasonable time after the necessary information is available to the appropriate district attorney. McQueen, 308 So.2d 752, 754-55 (La.1975). See also State v. Broussard, 416 So.2d 109, 110 (La.1982). An important factor to consider in determining whether the bill was filed timely requires a determination of when the district attorney acquired the knowledge that defendant is a multiple offender. Id. The determination of whether the hearing is held within a reasonable time hinges on the facts and circumstances of the spe *699 cific case. See Toney, 02-0992 at p. 5, 842 So.2d at 1086.
Id. Accordingly, Mr. Simmons submits that when the State learned of an offender’s multiple offender status and when the State filed the multiple offender charge are two critical factors to be considered.
As noted, the State’s two arguments are that the delays have not prejudiced Mr. Simmons and that its delay in filing is irrelevant because Mr. Simmons was 1 inaware of his status as a multiple offender. Mr. Simmons suggests that the State’s two arguments regarding delay are without merit. These arguments, he submits, are refuted by the cases the State presents to support them.
Mr. Simmons points out that the State refers to the result in Broussard, but it makes no attempt to distinguish this case factually from Broussard. The facts of this case, he asserts, are actually parallel to the facts in Broussard. In Broussard, the necessary information about the defendant’s prior felony convictions was available to the district attorney at the time of the original sentencing. 416 So.2d at 111. The prior convictions were obtained in the same parish during the district attorney’s tenure in office. Id. Nonetheless, the district attorney waited to file the multiple bill of information until after the defendant had served thirteen months of his original sentence and was anticipating release on parole within a few months. Id. The State offered no justification for its delay. Id. Thus, the Louisiana Supreme Court found a delay of thirteen months to be unreasonable. Id.
Similar to the Broussard case, here the State possessed the information necessary to confirm Mr. Simmons’ prior conviction, yet it failed to file the multiple bill until over twelve months later, thirteen months after sentencing. Mr. Simmons argues that the only reason the State offered for this delay was the continuances due to the State’s inability to secure Mr. Simmons’ presence while he was in the State’s custody. Also similar to Broussard, the State has unjustifiably delayed the proceedings until after Mr. Simmons’ release from custody. However, unlike the defendant in Broussard who was still on parole, Mr. Simmons has completed his sentence in full. Thus, Mr. Simmons argues the facts presented in the instant case are even more egregious than the facts in Broussard.
InMr. Simmons further argues that the State’s contentions — that he has suffered no prejudice by the nearly two-year delay and by being sent back to prison — are without merit. Mr. Simmons has completed his original sentence. He is not on parole, and he has prospects for employment.
Mr. Simmons also contends that the State’s reliance upon McNeal, 99-1265 at pp. 8-9, 765 So.2d at 1117-18, is misplaced. Although in McNeal, the State filed the multiple bill of information almost two years after the defendant’s conviction for armed robbery, Mr. Simmons, unlike the defendant in McNeal, has served his entire sentence and has been released. Id.
Finally, Mr. Simmons argues that notice alone does not remedy the prejudice to him should the district court’s ruling be reversed. He thus contends that the State’s argument that its admittedly untimely multiple bill should be overlooked because he had notice of his prior conviction is without merit. He asserts that under the Louisiana Supreme Court’s holding in McQueen, a multiple bill must be filed within a reasonable time after the State becomes aware of a defendant’s prior felony conviction. 308 So.2d at 755; see also Muhammad, 03-2991 at p. 14, 875 So.2d at 54-55. Moreover, constitutional *700 due process and La. C. Cr. P. art. 874 require the timely filing of a multiple bill of information.
In the Broussard case the Louisiana Supreme Court stated:
In the instant case, the district attorney filed the habitual offender information thirteen months after sentence and about three months prior to the date defendant was eligible for parole. The necessary information with regard to the prior felony convictions was available to the district attorney at the time of the original sentencing on January 29, 1980, in that the convictions were obtained in the same parish during his tenure in office. Nonetheless, the district attorney delayed filing the information not only until after defendant had pled guilty to the offense charged as a result of a plea bargain and had been sentenced in conformity therewith but also after defendant had served thirteen months of his original sentence and was anticipating release 1 iaon parole within a few months. The state offers no justification for its delay in instituting the habitual offender proceedings and we can conceive of none. Once having filed the information, the state apparently attempted to complete the enhancement proceedings by May 27, 1981, two days before the date that defendant was eligible for parole; however, a recess was granted prior to completion of the hearing based on defendant’s contention that the lack of notice of the hearing had prevented him from retaining counsel who could prepare his defense. As a result thereof, the proceedings were not completed before defendant had been released on parole. Under these circumstances, we do not consider that the district attorney acted reasonably in delaying the institution of the habitual offender proceedings. Accordingly, we must reverse the ruling of the trial judge denying the motion to quash.
Broussard, 416 So.2d at 111.
Although the State argues that the Broussard case represents only a single instance where a thirteen-month delay was considered unreasonable, later cases illustrate the importance which the jurisprudence has attached to a fact-based approach. In State v. Carter, 630 So.2d 926, 931 (La.App. 4th Cir.1993), this court, relying on Broussard, found a fifteen month delay reasonable when both the State and the defendant were granted continuances, an investigation was undertaken to determine the validity of the defendant’s claim of a breach of a plea bargain agreement not to multiple bill him, and the case was transferred to a different section of court.
In State v. Langlois, 96-0084, pp. 3-4 (La.App. 4 Cir. 5/21/97), 695 So.2d 540, 543, in which a first multiple offender adjudication had been vacated, the defendant argued that the fifteen to seventeen month delay in holding a second multiple bill hearing was unreasonable. This court found that the delay was justifiable and that the defendant was not prejudiced. Id., 96-0084 at p. 6, 695 So.2d at 544. The defendant was not expecting an early release before the delayed multiple bill hearing. Id. In so finding, this court reasoned that “[t]he application of |1sthe Broussard doctrine is a fact-specific inquiry depending on the particular circumstances of each case.” Id., 96-0084 at p. 4, 695 So.2d at 543.[13]
*701 Two types of delays can be attributable to the State in the instant case-the delayed filing of the multiple bill of information and the delayed scheduling of the multiple bill hearing. The State was put on notice of Mr. Simmons prior felony conviction in Mississippi when Mr. Simmons revealed this information at trial on December 6, 2010. Despite receiving from the State of Mississippi written confirmation of Mr. Simmons’ felony conviction in a letter dated February 2, 2011, the State did not file its first multiple bill of information until February 9, 2012.
As to the scheduling of the multiple bill hearings, the record reveals numerous instances in which the State failed to ensure Mr. Simmons’ appearance in court, requested that the hearing be continued, or both. Mr. Simmons was in the State’s custody, and thus he was accessible had the State chosen to exert itself to secure his presence. In sum, the State requested nine of the fifteen continuances, and it failed to secure Mr. Simmons’ presence fifteen times, despite the fact that he was in State custody. Further, when Mr. Simmons was released from prison on July 15, 2012, the hearing on the multiple bill had still not taken place.[14]
The facts and circumstances in this case roughly parallel those in the Brous-sard, case. The State had all the necessary information to confirm Mr. Simmons’ prior conviction, just as it did in Brous-sard. Yet, in this case, like in Broussard, the State delayed filing the multiple bill of information for over a year. |uThe State offers no justification for its delay, as it also failed to do in Broussard. Further, the hearing for the multiple bill of information had not taken place when Mr. Simmons was released from prison, as was the case in Broussard when the defendant was released on parole. As the Louisiana Supreme Court found in Broussard, we find the State’s delay in filing and adjudicating the multiple bill of information against Mr. Simmons was unreasonable.
Although La. R.S. 15:529.1(D) provides no specific guidance regarding the time limit for filing a multiple bill of information, La.C.Cr.P. art. 874 and the jurisprudence require that the State file the multiple bill of information and conduct the hearing on it in a reasonable time. In this case, the State’s delays in filing the bill, setting the hearing, and assuring Mr. Simmons’ presence, violated the requirement that sentences be imposed without unreasonable delay under La.C.Cr.P. art. 874. Moreover, we find the State’s delay in the multiple bill adjudication of Mr. Simmons was unduly prejudicial. Accordingly, we find no abuse of discretion in the district court’s decision granting Mr. Simmons’ motion to quash.

DECREE

For the forgoing reasons, the judgment of the district court is affirmed.
AFFIRMED.

. Mr. Simmons’ birth name is Eric Thompson, which is the name he was convicted under in Mississippi,

. The record does not reflect who requested the continuance of the hearing on this date.

. The record reflects that the State agreed to file a Writ of Habeas Corpus to have Mr. Simmons brought to court on July 20, 2011. The record further reflects that the Orleans Parish Criminal Clerk received the State’s motion and order on July 19, 2011. Mr. Simmons' attorney was present on July 20, 2011, but Mr. Simmons was not brought to court.

. The Clerk's Office received the State's motion and order for Writ of Habeas Corpus Ad Prosequendum on November 29, 2011. The writ was faxed to the prison on December 9, 2011.

. The State also filed a writ application, No. 2013-K-0047, which was consolidated with this appeal.

. This Court found no prejudice because the defendant had been convicted of armed robbery, faced a minimum of five years at hard labor, and under even the minimum sentence would still have been incarcerated at the time the State filed the multiple bill. McNeal, 99-1265 at p. 9, 765 So.2d at 1118.

. Buckley was sentenced to twenty years, making prejudice caused by the delay unlikely. Buckley, 11-0369 at p. 11, 88 So.3d at 489. Further, this court noted that the multiple bill hearing was continued numerous times on the motions of both the State and the defense, as well as by the court itself. Id., 11-0369 at p. 7, 88 So.3d at 487.

. The full quote from Grimes reads as follows: "[t]he trial court apparently concluded that the defendant had not been prejudiced by the delay, especially in light of the fact that he had already been re-arrested for another burglary and was back in jail. The defendant has failed to show who requested the continuances of which he complains; he has failed to show that the continuances were not justified; and he has failed to show that he was prejudiced thereby.” Grimes, 01-0576 at pp. 15-16, 786 So.2d at 885.

.La. R.S. § 15:529.1(D)(l)(a) provides:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b) of this Paragraph. The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies as set forth in the information.

. La.C.Cr.P. art. 874 provides: "Sentence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.”

. See State v. McQueen, 308 So.2d 752, 754-55 (La.1975), in which the Louisiana Supreme Court held:
'A case must end at some point. Even persons who have been convicted of two or *698 more felonies must be assured, after some passage of time, that the consequences of past criminal acts have abated ... [.’]
'A defendant has a right to a speedy trial. La. Const. Art. 1, s. 9 (1921) (Art. 1, s. 16 (1974)); Sixth Amendment, U.S. Const. The same considerations which underlie this constitutional mandate compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement-of-penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed. Cf. C.Cr.P. 874....'
The statute does not allow an indefinite time in which the district attorney may file the multiple offender bill once the necessary information is available. Nor, however, does it impose a specific prescription period in which the district attorney must act upon the receipt of the necessary information.
An examination of the statute and our prior interpretations of that statute lead us to the conclusion that Article 874 controls.
Id. (citing State ex rel. Williams v. Henderson, 289 So.2d 74, 77 (La.1974)).

. In State v. Jenkins, 595 So.2d 780 (La.App. 5 Cir. 1992), the Fifth Circuit found a delay of nearly two years between the filing of the multiple bill and the holding of the hearing was not unreasonable because the defendant had been notified immediately of the intended filing of the multiple bill and was still incarcerated at the time of the hearing. The court *701 noted that the continuances requested by the State and the defendant were roughly equal in number.

. At the last hearing before Mr. Simmons’ release on May 31, 2012, the State did not secure his presence. The hearing was continued on the State's motion.